UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELANIE TORRES,<br>    *Plaintiff*,<br>    *v.*<br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br>    *Defendant*. | Civil No. 3:13cv1914 (JBA)<br><br>March 28, 2016 |

**RULING ON DEFENDANT'S OBJECTION TO THE RECOMMENDED RULING**

Plaintiff Melanie Torres commenced this action under Section 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), as amended. She seeks review of the final decision of Defendant, the Commissioner of Social Security, denying her Disability Insurance Benefits ("DIB"). On December 2, 2015, Magistrate Judge Margolis issued a Recommended Ruling [Doc. # 20] granting in part Plaintiff's Motion [Doc. # 12] to Reverse the Decision of the Commissioner and denying Defendant's Motion [Doc. # 18] to Affirm the Commissioner's Decision. Defendant has filed a timely objection [Doc. # 21] to the Magistrate Judge's Recommended Ruling, requesting that the Court reject Judge Margolis's analysis and affirm the Commissioner's decision denying Plaintiff benefits. Plaintiff has not responded to that objection. For the reasons that follow, Defendant's objection is overruled and the Recommended Ruling is approved and adopted in full.

**I.    Background**

The factual and procedural background of this action is presented on pages one through five of the Recommended Ruling, which this Court incorporates by reference. Briefly, on November 16, 2009, Plaintiff applied for DIB, claiming she had been disabled

since April 20, 2000, due to fibromyalgia, lupus, Sjogren's syndrome, and migraines. (Certified Transcript of Administrative Proceedings, dated February 11, 2014 ("Tr.") at 98, 179–87.)

After Plaintiff's request for benefits was twice denied, she requested a hearing before an Administrative Law Judge ("ALJ"). (*See id.* at 98–101, 105–08, 109–10.) That hearing took place on February 3, 2011, before ALJ Kim Griswold. (*Id.* at 34–74.) The ALJ denied Ms. Torres's application for benefits on February 25, 2011, and the Decision Review Board affirmed the ALJ's decision on May 27, 2011. (*Id.* at 1–4, 16–28.)

On June 30, 2011, Plaintiff filed a complaint in this case, and the case was subsequently voluntarily remanded for further administrative proceedings. (*Id.* at 1107–12.) Thereafter, the Appeals Council remanded the case to ALJ Griswold to determine whether Plaintiff's fibromyalgia constituted a severe impairment, in part by obtaining testimony from a medical expert. (*Id.* at 1114–18.)

To that end, on June 20, 2013, ALJ Griswold held a second hearing. (*See id.* at 1030–80.) During the hearing, ALJ Griswold informed Plaintiff that medical expert Dr. John A. Pella was going to testify by telephone. (*Id.* at 1033–37.) When Plaintiff—who had received no prior notice of the expert's intent to testify telephonically—objected, the ALJ offered her a choice: either question Dr. Pella telephonically or take no testimony from Dr. Pella and have the ALJ rely solely on Dr. Pella's interrogatories and Medical Source Statement, which Plaintiff asserted she had never received. (*Id.*) Plaintiff chose the latter option. (*Id.*) On September 27, 2013, the ALJ again denied Plaintiff's claim, relying in part on Dr. Pella's opinion, as expressed in the interrogatories and Medical Source Statement. (*See id.* at 998–1021.)

## II. Standard of Review

### A. Standard of Review of a Magistrate Judge's Recommended Ruling

The Court reviews *de novo* those portions of the Recommended Ruling to which an objection is made, and may adopt, reject, or modify, in whole or in part, the Recommended Ruling. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Standard of Review of a Social Security Disability Determination

This Court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Balsamo v. Chater,* 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence 'is more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). The substantial evidence standard also applies to inferences and conclusions that are drawn from findings of fact. *See Gonzalez v. Apfel,* 23 F. Supp. 2d 179, 189 (D. Conn. 1998).

The Social Security Act provides that every individual who suffers from a "disability" is entitled to disability insurance benefits. *See* 42 U.S.C. § 423(a)(1). "Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A).

In reviewing disability claims, the agency must follow a five-step process. First, the agency will determine whether a claimant is engaged in substantial gainful activity and second, whether the claimant has an impairment which is of the required duration and

which significantly limits her ability to work. If the claimant is engaged in substantial gainful activity or does not have a sufficiently severe impairment, the claim will be denied. *See* 20 C.F.R. § 404.1520(a)–(c). Third, the medical evidence of the claimant's impairment is compared with a list of impairments presumed severe enough to preclude any gainful work, and if the claimant's impairment matches or "equals" one of the listed impairments, she qualifies for benefits without further inquiry. *See* 20 C.F.R. § 404.1520(d).

In considering which medical evidence to rely on, an ALJ must treat "the opinion of a treating physician on the nature or severity of a claimant's impairments [a]s binding if it is supported by the medical evidence and not contradicted by substantial evidence in the record." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (citing *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)); *see* 20 C.F.R. § 404.1527(c)(2) ("If [an ALJ] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight."). The reason for this rule is, quite simply, that "a *treating* physician is trained in medicine and has cared for— *treated*—the individual in question." *Thornton v. Colvin*, No. 3:13cv1558 (CSH), 2016 WL 525994, at *4 (D. Conn. Feb. 9, 2016). "[A] treating physician stands in stark contrast to a physician, frequently encountered in these cases, who is retained to opine on an individual's claim of disability, and does so solely upon medical records, without having ever seen the individual, let alone examined the individual or prescribed or carried out any form of medical treatment." *Id.*

4

If, notwithstanding these differences, an ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ must consider the following factors in assigning a lesser weight to the opinion:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).

If the claimant does not qualify under the listed impairments at step three, the agency must take the fourth step of determining whether the claimant can perform her own past work, *see* 20 C.F.R. § 404.1520(e)–(f), and if not, take the fifth step of assessing the claimant's present job qualifications, and whether jobs exist in the national economy that claimant could perform, *see* 20 C.F.R. § 404.1520(g); *see also generally Heckler v. Campbell,* 461 U.S. 458, 460–61 (1983). The burden of establishing a disability is on the claimant, and once the claimant demonstrates that she is incapable of performing her past work, the burden shifts to the agency to show that the claimant is capable of pursuing alternative work. *See Balsamo,* 142 F.3d at 80.

### III.    Discussion

In her decision granting Plaintiff's motion to reverse the commissioner in part and remanding the case for a new hearing before the ALJ, Magistrate Judge Margolis held that the ALJ erred in failing to provide Plaintiff with notice that Dr. Pella would be

testifying telephonically[1] and that this error was not harmless. (*See* Rec. Ruling [Doc. # 20] at 11.) Magistrate Judge Margolis identified two sources of possible prejudice: (1) had Plaintiff "been able to object before the hearing, the ALJ may have decided to have Dr. Pella testify either in person or by video teleconference"; and (2) "the notice of the telephonic testimony would have given plaintiff a chance to prepare to question the witness over the telephone rather than in person." (*Id.* at 13.)

Defendant does not now dispute that the ALJ erred in failing to notify Plaintiff of the telephonic testimony, or that Magistrate Judge Margolis erred in applying a harmless error analysis. She does, however, object to Judge Margolis's finding of prejudice. Defendant raises three arguments: (1) Plaintiff was not prejudiced because even if she had received notice, the ALJ would have scheduled the expert to testify telephonically; (2) Plaintiff did not request a videoconference, so she cannot now claim that she was prejudiced because the ALJ might have offered a videoconference if she had had notice; and relatedly, (3) Plaintiff did not request additional time with which to prepare questions specially geared toward the expert's telephone appearance, and therefore she

---

[1] Under the regulation that was in effect on the date of the hearing, a claimant is entitled to notice prior to a hearing, informing the claimant whether her appearance "or that of any other person is scheduled to be made in person, by videoconferencing, or, for a person other than [the claimant] or any other party to the hearing, by telephone." 20 C.F.R. § 404.938(b).

"The administrative law judge will determine whether any person other than [the claimant] or any other party to the hearing, including a medical expert . . ., will appear at the hearing in person, by video teleconferencing, or by telephone. If [the claimant] or any other party to the hearing objects to any person appearing by videoconferencing or by telephone, the administrative law judge will decide . . . whether to have that person appear in person, by video teleconferencing, or by telephone." 20 C.F.R. § 404.936(c)(2).

cannot now claim that she was prejudiced by not having had time to make such preparations. The Court is not persuaded by these arguments.

While it is true that the ALJ stated "We can't get a medical expert in person, it's just not possible" (Tr. at 1036), the record does *not* reveal whether the same would have been true had Plaintiff had the opportunity to object to the expert's telephonic appearance before the hearing, as was her right. Because this *might* have made a difference in whether the expert testified telephonically as well as in Plaintiff's preparation for the hearing, and those differences may well have changed the outcome of the hearing, the Court agrees with Magistrate Judge Margolis that the ALJ's error was not harmless. *See Koutrakos v. Astrue*, 906 F. Supp. 2d 30, 39 (D. Conn. 2012) (holding that in order to demonstrate that an error was not harmless, a plaintiff need only prove that the outcome might have been different had there been no error); *see also id*. at 41 (finding that a plaintiff may have been prejudiced by an ALJ's decision to permit the vocational expert to testify telephonically because it is possible that the plaintiff could have more effectively cross-examined the expert had she known he would testify by telephone); *Edwards v. Astrue*, No. 3:10cv1017 (MRK), 2011 WL 3490024, at *9 (D. Conn. Aug. 10, 2011) ("Had [Ms. Edwards] been able to object to [the medical expert's telephone] testimony earlier, the ALJ might have been more willing to sustain her objection, and the medical expert might have appeared in person or by video teleconference."). That the error was not harmless is particularly clear here because, as Magistrate Judge Margolis noted, this case was remanded to the ALJ in part for the express purpose of obtaining the medical expert's testimony, and due to the ALJ's error, no testimony from that expert was heard. Instead, the ALJ relied solely on the expert's written statements which Plaintiff had

7

no ability to cross-examine. In such circumstances, it is no stretch to find that the ALJ's error was not harmless.

With respect to Defendant's two waiver arguments, the Court finds little caselaw to support Defendant's contentions. Although "a number of district courts in this Circuit" have held that the "failure to raise an issue before the ALJ waives that issue's review by the District Court," *Watson v. Astrue*, No. 08 CIV. 1523 (DAB) (JCF), 2010 WL 1645060, at *3 (S.D.N.Y. Apr. 22, 2010) (collecting cases), Plaintiff here *did not* fail to raise the issue before the ALJ of the ALJ's failure to notify her in advance that the medical expert would be testifying telephonically. Indeed, unlike the plaintiffs in the cases cited by Defendant, Ms. Torres is not raising a wholly new claim, or attempting to introduce new evidence. *See, e.g., id.* (finding claim that ALJ failed to develop the record with respect to mental health waived because the plaintiff did not raise the issue of mental health during her hearing); *Pierce v. Astrue*, 946 F. Supp. 2d 296, 306 (W.D.N.Y. 2013) (finding argument that ALJ failed to make finding regarding whether the claimant had a disability after March 31, 2007 to be waived because plaintiff's counsel did not raise that issue before the ALJ); *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) (finding argument that ALJ failed to address disability not claimed in application or discussed at hearing to be waived); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), *as amended* (June 22, 1999) (holding that argument regarding conflict between new evidence and statistical evidence provided by the VE to be waived because new evidence was not presented to ALJ). Because Plaintiff raised the issue of notice during the hearing, the Court may consider it here, and having considered it, the Court finds that the ALJ erred, and that this error was prejudicial to Plaintiff.

IV.     Conclusion

For the foregoing reasons, Defendant's objection [Doc. # 21] is OVERRULED and the Recommended Ruling [Doc. # 20] is APPROVED and ADOPTED in full. Plaintiff's Motion [Doc. # 12] to Reverse the Decision of the Commissioner is GRANTED in part. Defendant's Motion [Doc. # 18] to Affirm the Decision of the Commissioner is DENIED. The case is remanded for a new hearing, and the Clerk is requested to close this case.

                IT IS SO ORDERED.

                ____/s/_____
                Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of March, 2016.